# 21-2166
# 21-2224

*To Be Argued By:*
NATASHA FREISMUTH

## United States Court of Appeals

### FOR THE SECOND CIRCUIT

### Docket No. 21-2166; 21-2224

_____

UNITED STATES OF AMERICA,

*Appellee,*

-vs-

DANIEL SCOTT

*Defendant-Appellant*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF CONNECTICUT

### GOVERNMENT APPENDIX

VANESSA ROBERTS AVERY
*United States Attorney*
*District of Connecticut*
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821-3700

NATASHA FREISMUTH
SANDRA S. GLOVER *(of counsel)*
Assistant United States Attorneys

**Table of Contents**

Criminal Court Docket ................................................................ GA000001

Information ................................................................................ GA000010

Plea Agreement......................................................................... GA000011

Judgment.................................................................................... GA000021

Petition for Warrant .................................................................. GA000024

Trial Transcript dated August 6, 2019 .................................... GA000026

Criminal Complaint................................................................... GA000039

Petition for Warrant .................................................................. GA000040

Trial Transcript dated March 4, 2020 ..................................... GA000042

Indictment .................................................................................. GA000061

Certification of Service .............................................................. GA000066

APPEAL,CLOSED,EFILE

# U.S. District Court
## District of Connecticut (New Haven)
## CRIMINAL DOCKET FOR CASE #: 3:14-cr-00136-MPS-1

Case title: USA v. Scott

Date Filed: 06/23/2014

Date Terminated: 11/04/2014

---

Assigned to: Judge Michael P. Shea

**Defendant (1)**

**Daniel Scott**
*TERMINATED: 11/04/2014*

represented by **Kelly M. Barrett**
Federal Public Defender's Office - NH
265 Church St., Suite 702
New Haven, CT 06510-7005
203-498-4200
Fax: 203-498-4207
Email: Kelly_barrett@fd.org
*TERMINATED: 07/07/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender*

**Richard C. Marquette**
Goldblatt, Marquette & Rashba, P.C.
60 Washington Ave.
Suite 302
Hamden, CT 06518
203-228-8867 (cell)
Fax: 203-288-0283
Email: rcmarquette@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pending Counts**

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE (Possession
with Intent to Distribute Heroin)
(1)

**Disposition**

Defendant is hereby committed to the
custody of the Federal Bureau of Prisons to
be imprisoned for a total of 21 month.
Defendant shall be on supervised release for
a total term of 36 months. Defendant shall
participate in a substance abuse treatment
and testing program either in patient or out
patient as approved by USPO. Defendant
shall participate in a mental health treatment
program either in patient or out patient as
approved by USPO. Defendant shall pay all,
or a portion of the costs associated with
treatment, based on the defendants ability to

GA000001

Case 21-2166, Document 72, 07/15/2022, 3348623, Page4 of 68

pay as determined by USPO. Defendant shall not possess a firearm or other dangerous weapon.

## Highest Offense Level (Opening)

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

## Highest Offense Level (Terminated)

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                                    represented by    **Natasha Freismuth**
U.S. Attorney's Office-NH
157 Church St., 25th Floor
New Haven, CT 06510
203-821-3700
Fax: 203-773-5389
Email: Natasha.freismuth@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah P. Karwan**
U.S. Attorney's Office-NH
157 Church St., 25rd floor
New Haven, CT 06510
203-821-3700
Fax: 203-773-5376
Email: sarah.p.karwan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/23/2014 | 1 | INFORMATION as to Daniel Scott (1) count(s) 1. (Torday, B.) (Entered: 06/24/2014) |
| 06/23/2014 | 2 | WAIVER OF INDICTMENT by Daniel Scott (Torday, B.) (Entered: 06/24/2014) |
| 06/23/2014 | 3 | Petition to Enter Plea of Guilty as to Daniel Scott ( Signed by Judge Janet Bond Arterton) (Torday, B.) (Entered: 06/24/2014) |
| 06/23/2014 | 4 | Minute Entry for proceedings held before Judge Janet Bond Arterton:Initial Appearance as to Daniel Scott held on 6/23/2014, Waiver/Plea Hearing as to Daniel Scott held on |

GA000002

| | | 6/23/2014 Total Time: 1 hours and 15 minutes(Court Reporter SHARON MONTINI.) (Torday, B.) (Entered: 06/24/2014) |
|---|---|---|
| 06/23/2014 | 5 | PLEA AGREEMENT as to Daniel Scott, Plea entered by Daniel Scott (1) Guilty Count 1. by Daniel Scott Guilty on counts 1 (Torday, B.) (Entered: 06/24/2014) |
| 06/23/2014 | 6 | ORDER OF REFERRAL TO PROBATION FOR PRESENTENCE INVESTIGATION AND REPORT as to Daniel Scott. First Disclosure-PSI due 8/4/14; Objections Due 8/18/14; 2nd-Disclosure PSI due 8/28/14; ALL Sentencing Memorandum due 9/4/14; ANY Response due 9/9/14; Sentencing set for 9/15/2014 03:30 PM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton<br>Signed by Judge Janet Bond Arterton on 6/23/14. (Torday, B.) Modified on 6/25/2014 (Torday, B.). (Entered: 06/24/2014) |
| 06/23/2014 | 7 | ELECTRONIC FILING ORDER as to Daniel Scott - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER<br>Signed by Judge Janet Bond Arterton on 6/23/14. (Torday, B.) (Entered: 06/24/2014) |
| 06/25/2014 | | Reset Deadlines/Hearings as to Daniel Scott: Sentencing set for 9/15/2014 03:30 PM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton (Torday, B.) (Entered: 06/25/2014) |
| 07/24/2014 | 8 | Consent MOTION to Continue *PSR Deadlines and Sentencing* by Daniel Scott. (Barrett, Kelly) (Entered: 07/24/2014) |
| 08/15/2014 | 9 | ORDER granting, until 10/28/14 at 3pm 8 Motion to Continue as to Daniel Scott (1). Signed by Judge Janet Bond Arterton on 8/14/14. (Torday, B.) (Entered: 08/15/2014) |
| 08/15/2014 | | RESET SENTENCING SCHEDULING DEADLINE as to Daniel Scott PSI due 9/16/14; 2nd PSI due 10/10/14; ALL Memos in aid of sentencing due 10/17/14; ANY response due 10/22/14; Sentencing set for 10/28/2014 03:00 PM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton (Torday, B.) (Entered: 08/15/2014) |
| 09/16/2014 | 10 | PRESENTENCE INVESTIGATION REPORT (Draft Report) *(SEALED - government and defense counsel)* as to Daniel Scott. (available to USA, Daniel Scott) (Attachments: # 1 Information, # 2 Plea Agreement, # 3 Financial Statement)(Carroll, Jacqueline) (Entered: 09/16/2014) |
| 10/10/2014 | 11 | PRESENTENCE INVESTIGATION REPORT (Final Report) *(SEALED - government and defense counsel)* as to Daniel Scott. (available to USA, Daniel Scott) (Attachments: # 1 Information, # 2 Plea Agreement, # 3 Financial Statement, # 4 Addendum, # 5 Defendant Objections)(Carroll, Jacqueline) (Entered: 10/10/2014) |
| 10/10/2014 | 12 | Sealed Sentencing Recommendation: as to Daniel Scott (Carroll, Jacqueline) (Entered: 10/10/2014) |
| 10/15/2014 | 13 | NOTICE OF E-FILED CALENDAR as to Daniel Scott: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Sentencing set for 10/28/2014 03:00 PM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton (Torday, B.) (Entered: 10/15/2014) |
| 10/17/2014 | 14 | SENTENCING MEMORANDUM by Daniel Scott (Attachments: # 1 Exhibit A, F, K, L) (Barrett, Kelly) (Entered: 10/17/2014) |
| 10/17/2014 | 15 | MOTION to Seal Exhibits B, C, D, E, G, H, I, and J by Daniel Scott. (Barrett, Kelly) (Entered: 10/17/2014) |
| 10/17/2014 | 16 | Sealed Document: Exhibits B, C, D, E, G, H, I, and J by Daniel Scott re 14 Sentencing |

GA000003

| | | |
|---|---|---|
| | | Memorandum, 15 MOTION to Seal Exhibits B, C, D, E, G, H, I, and J - (Barrett, Kelly) (Entered: 10/17/2014) |
| 10/22/2014 | 17 | SENTENCING MEMORANDUM by USA as to Daniel Scott (Karwan, Sarah) (Entered: 10/22/2014) |
| 10/28/2014 | 18 | Minute Entry for proceedings held before Judge Janet Bond Arterton:Sentencing as to Daniel Scott held on 10/28/2014 Total Time: 1 hours(Court Reporter Sharon Montini.) (Torday, B.) (Entered: 10/29/2014) |
| 11/03/2014 | 19 | PRESENTENCE INVESTIGATION REPORT (Revised) *(SEALED - government and defense counsel)* as to Daniel Scott. (available to USA, Daniel Scott) (Carroll, Jacqueline) (Entered: 11/03/2014) |
| 11/04/2014 | 20 | JUDGMENT as to Daniel Scott (1), Count(s) 1, Defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 21 month. Defendant shall be on supervised release for a total term of 36 months. Defendant shall participate in a substance abuse treatment and testing program either in patient or out patient as approved by USPO. Defendant shall participate in a mental health treatment program either in patient or out patient as approved by USPO. Defendant shall pay all, or a portion of the costs associated with treatment, based on the defendants ability to pay as determined by USPO. Defendant shall not possess a firearm or other dangerous weapon. Signed by Judge Janet Bond Arterton on 11/4/14. (Torday, B.) (Entered: 11/04/2014) |
| 11/04/2014 | | JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?crsurvey<br>(Torday, B.) (Entered: 11/04/2014) |
| 12/09/2014 | 21 | TRANSCRIPT of Proceedings: as to Daniel Scott Type of Hearing: Sentencing Hearing. Held on 10/28/14 before Judge Arterton. Court Reporter: S. Montini. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 12/30/2014. Redacted Transcript Deadline set for 1/9/2015. Release of Transcript Restriction set for 3/9/2015. (Montini, S.) (Entered: 12/09/2014) |
| 07/17/2019 | 22 | Probation Form 12C Petition for Warrant / Summons requesting a Summons to issue with order of the court thereon as to Daniel Scott Signed by Judge Janet Bond Arterton on 07/16/2019. (Topor, B.) (Entered: 07/17/2019) |
| 07/17/2019 | 23 | Summons Issued as to Daniel Scott to appear on 8/9/19, at 11:00, in USDC, Courtroom 2, 141 Church Street, New Haven, CT, before Judge Janet Bond Arterton (Pesta, J.) (Entered: 07/17/2019) |

| 07/22/2019 | 24 | NOTICE OF E-FILED CALENDAR as to Daniel Scott: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *Violation hearing RESET FROM 08/09/19* Violation Hearing rescheduled for 8/6/2019 at 02:00 PM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton. (Barry, Donna) (Entered: 07/22/2019) |
|---|---|---|
| 07/31/2019 | 25 | Probation Violation Summons Returned Executed as to Daniel Scott on 07/25/2019 (Topor, B.) (Entered: 07/31/2019) |
| 07/31/2019 | 26 | VIOLATION REPORT (Final Report) *(SEALED - government and defense counsel)* as to Daniel Scott. (available to USA, Daniel Scott) (Topor, B.) (Entered: 07/31/2019) |
| 07/31/2019 | 27 | Sealed Violation Recommendation: as to Daniel Scott (Topor, B.) (Entered: 07/31/2019) |
| 08/06/2019 | 28 | ENTERED IN ERROR: Minute Entry for proceedings held before Judge Janet Bond Arterton: Hearing re Violation of Supervised Release as to Daniel Scott held on 8/6/2019. Total Time: 21 minutes (Court Reporter Tracy Gow) (Barry, Donna) Modified on 8/13/2019 (Pesta, J.). (Entered: 08/06/2019) |
| 08/06/2019 | 29 | NOTICE OF E-FILED CALENDAR as to Daniel Scott: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Continued Hearing re Violation of Supervised Release set for 10/9/2019 at 10:00 AM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton. (Barry, Donna) (Entered: 08/06/2019) |
| 08/06/2019 | 30 | Minute Entry for proceedings held before Judge Janet Bond Arterton:Initial Appearance re Revocation of Supervised Release as to Daniel Scott held on 8/6/2019, Preliminary Revocation Hearing as to Daniel Scott held on 8/6/2019 Total Time:21 minutes. This correct entry #28 which was filed incorrectly. (Court Reporter Tracy Gow.)(Pesta, J.) (Entered: 08/13/2019) |
| 09/13/2019 | 31 | Consent MOTION to Continue *Follow-Up Violation Hearing* by Daniel Scott. (Barrett, Kelly) (Entered: 09/13/2019) |
| 09/19/2019 | 32 | ORDER granting 31 Motion to Continue as to Daniel Scott (1). Signed by Judge Janet Bond Arterton on 09/19/19. (Barry, Donna) (Entered: 09/20/2019) |
| 09/19/2019 | 33 | NOTICE OF E-FILED CALENDAR as to Daniel Scott: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *Violation of Supervised Release Hearing Reset from 10/09/19* - Now going forward on 12/17/2019 at 10:00 AM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton (Barry, Donna) (Entered: 09/20/2019) |
| 12/05/2019 | 34 | Consent MOTION to Continue *Follow-Up Violation Hearing* by Daniel Scott. (Barrett, Kelly) (Entered: 12/05/2019) |
| 12/10/2019 | 35 | ORDER granting 34 Motion to Continue as to Daniel Scott (1). Signed by Judge Janet Bond Arterton on 12/10/19. (Barry, Donna) (Entered: 12/13/2019) |
| 12/10/2019 | 36 | NOTICE OF E-FILED CALENDAR as to Daniel Scott: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Continued Hearing re Revocation of Supervised Release *reset* for 2/19/2020 at 02:00 PM |

GA000005

| | | |
|---|---|---|
| | | in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton (Barry, Donna) (Entered: 12/13/2019) |
| 02/13/2020 | 37 | Consent MOTION to Continue *Follow-Up Violation Hearing* by Daniel Scott. (Barrett, Kelly) (Entered: 02/13/2020) |
| 02/18/2020 | 38 | ORDER granting 37 Motion to Continue Violation Hearing as to Daniel Scott (1). Signed by Judge Janet Bond Arterton on 2/18/20. (Tooker, Aimee) (Entered: 02/18/2020) |
| 02/18/2020 | | Violation hearing as to Daniel Scott rescheduled to 4/17/2020 at 11:00 AM in Courtroom Two, 141 Church St., New Haven, CT before Judge Janet Bond Arterton (Tooker, Aimee) (Entered: 02/18/2020) |
| 03/04/2020 | 39 | Probation Form 12C Petition for Warrant / Summons requesting a Summons to issue with order of the court thereon as to Daniel Scott Signed by Judge Janet Bond Arterton on 03/04/2020. (Topor, B.) (Entered: 03/04/2020) |
| 03/04/2020 | 40 | Summons Issued as to Daniel Scott to appear on 3/4/2020 at 2:30pm, in the McMahon Federal Building, United States District Court, before the Honorable William I. Garfinkel (Campbell, A) Modified text on 3/9/2020 (Barry, Donna). (Entered: 03/04/2020) |
| 03/04/2020 | 41 | Minute Entry for proceedings held before Judge William I. Garfinkel:Initial Appearance re Revocation of Supervised Release as to Daniel Scott held on 3/4/2020 Appearance entered by Kelly M. Barrett for Daniel Scott on behalf of defendant., Preliminary Revocation Hearing as to Daniel Scott held on 3/4/2020, ( Final Probation Revocation Hearing set for 3/10/2020 02:00 PM in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Janet Bond Arterton) Defendant detained. and 15 minutes(Court Reporter FTR.)(Torres, K.) (Entered: 03/06/2020) |
| 03/04/2020 | | Arrest of Daniel Scott (Torres, K.) (Entered: 03/06/2020) |
| 03/04/2020 | 42 | ORDER OF DETENTION as to Daniel Scott. Signed by Judge William I. Garfinkel on 3/4/2020. (Torres, K.) (Entered: 03/06/2020) |
| 03/04/2020 | 43 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Daniel Scott Signed by Judge William I. Garfinkel on 3/4/2020. (Torres, K.) (Entered: 03/06/2020) |
| 03/04/2020 | 44 | SEALED CJA 23 Financial Affidavit by Daniel Scott (Torres, K.) (Entered: 03/06/2020) |
| 03/09/2020 | 45 | VIOLATION REPORT (Addendum) *(SEALED - government and defense counsel)* as to Daniel Scott. (available to USA, Daniel Scott) (Topor, B.) (Entered: 03/09/2020) |
| 03/09/2020 | 46 | Sealed Violation Recommendation: as to Daniel Scott (Topor, B.) (Entered: 03/09/2020) |
| 03/10/2020 | 48 | Minute Entry for proceedings held before Judge Janet Bond Arterton: Continued Hearing re Revocation of Supervised Release as to Daniel Scott held on 3/10/2020. Defense counsel shall submit a status report within 45 days. Total time: 14 minutes (Court Reporter Melissa Cianciullo)(Reis, Julia) (Entered: 03/10/2020) |
| 03/13/2020 | 49 | NOTICE *of Related Case* by Daniel Scott (Barrett, Kelly) (Entered: 03/13/2020) |
| 03/18/2020 | 50 | ORDER OF TRANSFER in case as to Daniel Scott Case reassigned to Judge Michael P. Shea for all further proceedings. Signed by Judge Janet Bond Arterton on 03/18/20. (Barry, Donna) (Entered: 03/19/2020) |
| 04/08/2020 | 51 | MOTION for Bond *for Renewed Release to Inpatient Program* by Daniel Scott. (Barrett, Kelly) (Entered: 04/08/2020) |
| 04/09/2020 | 52 | ORDER. Mr. Scott's 51 motion is identical to the recent motion filed in his new case (ECF No. 22, *USA v. Scott*, No. 3:20-cr-44). The Court will address the motion for release in the |

SA000006

| | | new case, and this [51] motion is DENIED.

Signed by Judge Michael P. Shea on 4/9/2020. (Hausmann, Amy) (Entered: 04/09/2020) |
|---|---|---|
| 04/30/2020 | 53 | VACATE NOTICE OF E-FILED CALENDAR as to Daniel Scott: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Initial Appearance on Revocation Proceedings set for 4/30/2020 10:00 AM before Judge Stefan R. Underhill. The call-in for the conference is 888.636.3807; when prompted for the access code, dial 650 8043 followed by #. (If asked whether to join the conference as the host, bypass that option by dialing #.) (Jaiman, R.) (Jaiman, R.) Modified on 5/1/2020. (Entered: 04/30/2020) |
| 06/23/2020 | [54] | MOTION for Kelly M. Barrett to Withdraw as Attorney , MOTION to Appoint Counsel *(CJA)* by Daniel Scott. (Barrett, Kelly) (Entered: 06/23/2020) |
| 07/07/2020 | [55] | ATTORNEY APPEARANCE: Richard C. Marquette appearing for Daniel Scott (Marquette, Richard) (Entered: 07/07/2020) |
| 07/07/2020 | 56 | ORDER. The [54] motion for Attorney Kelly Barrett to withdraw as attorney for Mr. Scott is GRANTED. Mr. Scott's appointed counsel in his related case (*USA v. Scott*, No. 20-cr-44) has filed an appearance on behalf of Mr. Scott in this matter as well.

As discussed during this morning's telephonic status conference, the hearing on revocation of supervised release is CONTINUED pending further order of the Court. The Court will hold an in-court status conference on **October 1, 2020 at 10:00 AM**. The defendant, his counsel, counsel for the Government, the undersigned, and two Deputy U.S. Marshals will be present in-person in the courtroom. All other persons (including the court reporter, other court staff, members of the defendant's family, and members of the public) will participate via Zoom videoconference. The Court will post Zoom access information on the docket.

Signed by Judge Michael P. Shea on 7/7/2020. (Hausmann, Amy) (Entered: 07/07/2020) |
| 07/07/2020 | 57 | Minute Entry for proceedings held before Judge Michael P. Shea:Telephonic Status Conference as to Daniel Scott held on 7/7/2020 5 minutes(Court Reporter Julie Monette.) (Johnson, D.) (Entered: 07/07/2020) |
| 07/07/2020 | | Attorney update in case as to Daniel Scott. Attorney Kelly M. Barrett terminated. (Johnson, D.) (Entered: 07/07/2020) |
| 07/07/2020 | | Set Deadlines/Hearings as to Daniel Scott: In-Court Status Conference set for 10/1/2020 10:00 AM Hartford, CT before Judge Michael P. Shea (Johnson, D.) (Entered: 07/07/2020) |
| 10/20/2020 | [58] | USM Return of Service on Arrest Warrant executed as to Daniel Scott on 03/07/2020 (Nuzzi, Tiffany) (Entered: 10/29/2020) |
| 11/12/2020 | | NOTICE regarding hearing via Zoom as to Daniel Scott: The Bond hearing scheduled for November 13, 2020 at 3:30pm will be conducted via Zoom. The video link is https://www.zoomgov.com/j/1611999832? pwd=QUxFZVMyYjByQTZ5QVBjb2pwVW12QT09 and call in number is 16468287666.

Meeting ID: 161 199 9832

Meeting Password: 165681

Please note: Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. The Judicial Conference of the United States, which governs the practices of the federal courts, has prohibited it. Violation of these prohibitions |

GA000007

| | | may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. (Johnson, D.) (Entered: 11/12/2020) |
|---|---|---|
| 11/13/2020 | 59 | Minute Entry for proceedings held before Judge Michael P. Shea:Bond Hearing as to Daniel Scott held on 11/13/2020 10 minutes(Court Reporter J. Monette.)(Johnson, D.) (Entered: 11/13/2020) |
| 07/20/2021 | 60 | ATTORNEY APPEARANCE Natasha Freismuth appearing for USA (Freismuth, Natasha) (Entered: 07/20/2021) |
| 08/16/2021 | 61 | Sealed Violation Recommendation: as to Daniel Scott (Bouffard, R.) (Entered: 08/16/2021) |
| 08/17/2021 | 62 | ORDER. The Court will hold a violation hearing on **August 19, 2021 at 10:00 AM**. Signed by Judge Michael P. Shea on 8/17/2021. (Wong, Qing Wai) (Entered: 08/17/2021) |
| 08/17/2021 | 63 | NOTICE OF E-FILED CALENDAR as to Daniel Scott: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Violation of Supervised Release set for 8/19/2021 10:00 AM in Courtroom Three, 450 Main St., Hartford, CT before Judge Michael P. Shea. (Johnson, D.) (Entered: 08/18/2021) |
| 08/19/2021 | 64 | Minute Entry for proceedings held before Judge Michael P. Shea:Hearing re Revocation of Supervised Release as to Daniel Scott held on 8/19/2021 23 minutes(Court Reporter J. Monette.)(Johnson, D.) (Entered: 08/19/2021) |
| 08/19/2021 | 65 | Order Revoking Supervised Release as to Daniel Scott Signed by Judge Michael P. Shea on 8/19/21. (Johnson, D.) (Entered: 08/24/2021) |
| 09/15/2021 | 66 | NOTICE OF APPEAL by Daniel Scott re 65 Order Revoking Supervised Release (Marquette, Richard) Modified on 9/17/2021 to remove filing fee. (Peterson, M). (Entered: 09/15/2021) |
| 09/17/2021 | 67 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 66 Notice of Appeal - Final Judgment. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Robin D. Tabora, Clerk. Documents manually filed not included in this transmission: none (Peterson, M) (Entered: 09/17/2021) |
| 09/17/2021 | | Transmission of Notice of Appeal as to Daniel Scott to US Court of Appeals re 66 Notice of Appeal - Final Judgment (Peterson, M) (Entered: 09/17/2021) |
| 09/17/2021 | 68 | MOTION for Extension of Time to file late appeal until september 17,2021 by Daniel Scott. (Marquette, Richard) (Entered: 09/17/2021) |
| 09/20/2021 | 69 | ORDER. The motion (ECF No. 68 ) for extension of time to file notice of appeal is GRANTED. Signed by Judge Michael P. Shea on 9/20/2021. (Wong, Qing Wai) (Entered: 09/20/2021) |
| 12/02/2021 | 70 | TRANSCRIPT of Proceedings: as to Daniel Scott. Type of Hearing: Revocation of Supervised Release Hearing. Held on 8/19/2021 before Judge Michael P. Shea. Court Reporter: Julie Monette. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be |

GA000008

viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 12/23/2021. Redacted Transcript Deadline set for 1/2/2022. Release of Transcript Restriction set for 3/2/2022. (Monette, Julie) (Entered: 12/02/2021)

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 06/03/2022 08:41:57 | | |
| **PACER Login:** | nfreismuth55245 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:14-cr-00136-MPS |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:14cr$\mathcal{36}$___(JBA) |
| | : | VIOLATION: |
| v. | : | 21 U.S.C. §§ 841(a)(1), (b)(1)(C) |
| | : | (Possession With Intent to |
| DANIEL SCOTT | : | Distribute Heroin) |

INFORMATION

The United States Attorney charges:

COUNT ONE
(Possession of Heroin with Intent to Distribute)

On or about January 15, 2014, in the District of Connecticut, the defendant DANIEL

SCOTT knowingly and intentionally possessed with intent to distribute a mixture and substance

containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

UNITED STATES OF AMERICA

DEIRDRE M. DALY
UNITED STATES ATTORNEY

SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center        (203)821-3700
157 Church Street, 25th Floor        Fax (203) 773-5376
New Haven, Connecticut 06510        www.justice.gov/usao/ct

June 23, 2014

**VIA HAND DELIVERY**
Kelly M. Barrett, Esq.
Assistant Federal Defender
265 Church St, Suite 702
New Haven, CT 06510-7005

      Re:    United States v. Daniel Scott
              Criminal No. 3:09cr236(JBA), 3:14cr *136* ( JBA )

Dear Ms. Barrett:

      This letter confirms the plea agreement between your client, Daniel Scott (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

      Daniel Scott agrees to waive his right to be indicted and to plead guilty to a one-count Information charging him with possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The defendant understands that, to be guilty of the offense in Count One of the Information, the following essential elements must be satisfied:

    1.     The defendant knowingly possessed a mixture or substance containing a detectable amount of heroin; and

    2.     The defendant possessed the mixture or substance containing a detectable amount of heroin with the intent to deliver it to another person.

*Kelly M. Barrett, Esq.*
*June 23, 2014*
*Page 2*

In addition, the defendant agrees and admits that, by committing the offense charged in the Information, he violated the terms of his supervised release ordered in connection with the sentence in *United States v. Daniel Scott*, 3:09cr236(JBA).

## THE PENALTIES

The parties agree that the offense charged in Count One carries a maximum penalty of 20 years of imprisonment and a fine of as much as $1,000,000. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least three years and as much as life. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

As to the supervised release violation in *United States v. Daniel Scott*, 3:09cr236(JBA), the defendant faces a maximum penalty of three years of incarceration and a life term of supervised release.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The

Kelly M. Barrett, Esq.
June 23, 2014
Page 3

defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

<u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

*Kelly M. Barrett, Esq.*
*June 23, 2014*
*Page 4*

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

At the time this plea agreement is signed, the defendant's base offense level for the distribution of heroin offense under U.S.S.G. § 2D1.1 is 14 because he distributed more than 5 grams, but less than 10 grams, of heroin.

The parties understand that, at the time this plea agreement is signed, the United States Sentencing Commission has proposed an amendment to the Sentencing Guidelines that would generally lower the base offense levels in the Drug Quantity Table in Guideline § 2D1.1. It is anticipated that this amendment, if approved, would take effect on November 1, 2014. If the amendment is approved as currently proposed, the parties agree that the defendant's base offense level for the distribution of heroin offense under U.S.S.G. § 2D1.1 will be 12, rather than 14.

Using the Guidelines Manual that is in effect at the time this plea agreement is signed, the defendant's base offense level is 14. Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 12 under the current Guidelines Manual.

Under the proposed amendment, the defendant's base offense level is 12. Two levels are subtracted for acceptance of responsibility, as noted above, resulting in a total offense level of 10 under the proposed amendment to the Guidelines.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category V. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

*Kelly M. Barrett, Esq.*
*June 23, 2014*
*Page 5*

A total offense level 12, assuming a Criminal History Category V, would result in a range of 27 to 33 months of imprisonment (sentencing table) and a fine range of $3,000 to $30,000, U.S.S.G. § 5E1.2(c)(3). A total offense level 10, which would apply if the Guidelines amendment takes effect as currently proposed, would result in a range of 21 to 27 months of imprisonment (sentencing table) and a fine range of $2,000 to $20,000. Under either approach, the defendant is also subject to a supervised release term of three years. U.S.S.G. § 5D1.2.

As to the defendant's supervised release violation in *United States v. Daniel Scott*, 3:09cr236(JBA), the defendant faces a guideline range of 24 to 30 months of incarceration because the defendant's original Criminal History Category in the 3:09cr236(JBA) case was IV, the violation in this case is a Grade A violation because the underlying conduct constituted a controlled substance offense under U.S.S.G. § 7B1.1. The parties recognize that the court has discretion to determine whether the sentence on the supervised release violation should be served concurrent, partially concurrent or consecutive to the sentence as to possession with intent to distribute heroin conviction in this case.

Both parties reserve their respective rights to argue for sentences above or below the ranges set forth in this agreement, and, in particular, to suggest grounds for downward or upward departure or variances. As to the sentence on the supervised release violation, the parties reserve their respective rights to address the court as to the appropriate sentence and argue for a sentence within or outside the 24 to 30 month guideline range. Moreover, the parties reserve their respective rights to argue that the sentence on the supervised release violation should be served concurrent, partially concurrent or consecutive to the sentence as to the possession with intent to distribute heroin conviction in this case.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

*Kelly M. Barrett, Esq.*
*June 23, 2014*
*Page 6*

Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that, by pleading guilty, he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those

*Kelly M. Barrett, Esq.*
*June 23, 2014*
*Page 7*

questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

Kelly M. Barrett, Esq.
June 23, 2014
Page 8

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms, and in some states, the right to vote. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the offense which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

*Kelly M. Barrett, Esq.*
*June 23, 2014*
*Page 9*

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____     6/23/14
DANIEL SCOTT                   Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____     6/23/14
KELLY M. BARRETT              Date
Attorney for the Defendant

*Kelly M. Barrett, Esq.*
*June 23, 2014*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT

The defendant Daniel Scott and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

On or about December 30, 2013, the defendant, Daniel Scott, knowingly possessed with the intent to distribute, and did distribute, a mixture and substance containing a detectable amount of heroin. Specifically, on December 30, 2013, a confidential informant working at the direction of the New London Police Department met with the defendant, and provided the defendant with $40 in pre-recorded police funds; in exchange, the defendant provided the confidential informant with a plastic bag containing a detectable amount of heroin.

In addition, on or about January 15, 2014, the defendant, Daniel Scott, knowingly possessed with the intent to distribute approximately heroin. During a search of a rental car being used by the defendant, law enforcement officers recovered approximately 2.6 grams of heroin, $250 in cash, and three cellular telephones.

The parties agree that based on the above, in December of 2013 through January 15, 2014, based upon the currency seized, the amount sold to the confidential informant, and the heroin seized on January 15, 2014, that during the course of the two-month time frame, the defendant possessed with the intent to distribute at least five grams of heroin, but less than 10 grams of heroin.

_____
DANIEL SCOTT
The Defendant

_____
SARAH P. KARWAN
ASSISTANT UNITED STATES ATTORNEY

_____
KELLY M. BARRETT, ESQ.
Attorney for the Defendant

AO245b (USDC-CT Rev. 9/07)

| Imp | UNITED STATES DISTRICT COURT |
|---|---|
| Page 1 | District of Connecticut |

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:14CR136 JBA*<br>USM NO: *18251-014* |
| DANIEL SCOTT | |
| | *SARAH P. KARWAN*<br>**Assistant United States Attorney** |
| | *KELLY M. BARRETT*<br>**Defendant's Attorney** |

**THE DEFENDANT:** pled guilty to count one of the information.

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute Heroin | January 15, 2014 | 1 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a **total of 21 month.**
The variance reflects the parties' request that the anticipated amendment to the USSG Drug Quantity Table be utilized to reduce the base offense level by two levels.

 **The defendant is remanded to the custody of the United States Marshal.**
(See also sentenced **of 24 months imposed in 3:09cr236JBA for a Supervised Release Violation to run concurrently for 9 months with 3:14cr136JBA for a total effective sentence of 36 months)**

**SUPERVISED RELEASE**
Upon release from imprisonment, the defendant shall be on supervised release for a total term of 36 months.
 The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. Defendant shall participate in a substance abuse treatment and testing  program either in patient or out patient as approved by USPO.

2. Defendant shall participate in a mental health treatment  program either in patient or out patient as approved by  USPO.

3. Defendant shall pay all, or a  portion of the costs associated with treatment, based on the  defendant's ability to pay as determined  by USPO.

4. Defendant shall not possess a firearm or other dangerous weapon.

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

**PAGE 2**

| | | |
|---|---|---|
| **Special Assessment:** | $100.00 | Due Immediately |
| **Fine:** | | Waived |
| **Restitution:** | | N/A |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The Court  recommends to the Bureau of Prisons that the defendant be designated to a facility with an  electrician apprentice program  that is close to Connecticut to facilitate family visitation.

**10/28/14**_____
Date of Imposition of Sentence


_____/s/_____
Janet Bond Arterton
United States District Judge
Date: November  4,2014


**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.


_____
Joseph P. Faughnan
United States Marshal


By  _____
Deputy Marshal


*CERTIFIED AS A TRUE COPY*
*ON THIS DATE _____*
*ROBERTA D. TABORA, Clerk*
*BY: _____*
     *Deputy Clerk*

GA000022

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

■ (1)   The defendant shall not commit another federal, state or local offense;

■ (2)   The defendant shall not unlawfully possess a controlled substance;

☐ (3)   The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

■ (4)   The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5)   If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

■ (6)   The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7)   (A)   In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

(B)   In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (I) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;

■ (8)   The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1)   The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

(3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14)  The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment,</u> (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____     _____
         **Defendant**                                **Date**


         _____     _____
         **U.S. Probation Officer/Designated Witness**   **Date**

LOCAL PROB 12C
(05/15)

# UNITED STATES DISTRICT COURT
## for
## Connecticut

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Daniel D Scott        Docket Number: 0205 3:14CR00136-001

Sentencing Judicial Officer: Honorable Janet Bond Arterton, U.S. District Judge

Date of Original Sentence: October 28, 2014

Original Offense: Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§841(a)(1) and
        (b)(1)(C)

Original Sentence: 21 Months' Bureau of Prisons; 36 Months' Term of Supervised Release

Type of Supervision: Supervised Release        Date Supervision Commenced: March 7, 2017

AUSA: Sarah P. Karwan        Defense Attorney: Kelly M. Barrett

---

### PETITIONING THE COURT

☐ To issue a summons for a compliance review hearing
☒ To issue a summons for a violation hearing
☐ To issue a warrant

The probation officer believes that the offender has violated the following condition(s) of supervision:

|  |  |
|---|---|
| Charge # 1<br>Mandatory #1 | "The defendant shall not commit another federal, state or local offense." |

On July 7, 2019, Mr. Scott was served with five (5) outstanding warrants by the New London Police Department. These warrants were described as "hard-copy" warrants which were not entered in the National Crime Information Center (NCIC). He has been charged accordingly: Violation of a Protective Order and Criminal Mischief, 3rd Degree, under Docket No. K10K-CR19-0366220-S; Harassment, 2nd Degree, under Docket No. K10K-CR19-0366221-S; Violation of a Protective Order, Threatening 2nd Degree, Criminal Mischief 3rd Degree, Breach of Peace 2nd Degree, and Criminal Violation of a Restraining Order under Docket No. K10K-CR19-0366222-S; Breach of Peace 2nd Degree, Risk of Injury to a Child, and Harassment 2nd Degree, under Docket No. K10K-CR19-0366224-S; and Disorderly Conduct and Criminal Mischief 3rd Degree, under Docket No. K10K-CR19-0366272-S.

Mr. Scott was released on a combined $90,000 professional surety bond and all files remain pending in New London Superior Court. Additional information regarding these incidents has been requested. Mr. Scott

notified the probation office of his arrest on the listed warrants within the Court stipulated 24 hours.

U.S. Probation Officer Recommendations:
The Court was previously notified in January 2018 of Mr. Scott's arrest by state authorities on similar domestic violence charges. These charges have since been dismissed and no further Court action was recommended. It is respectfully recommended that a summons be issued for Mr. Scott to be brought before the Court to show just cause as to why his supervision should not be revoked or modified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On _____ July 12, 2019 _____

_____
Caitlin C. Brennan
U.S. Probation Officer

**THE COURT ORDERS:**

☐ No Action
☐ The issuance of a summons for a compliance review hearing  Date:
☑ The issuance of a summons  Date: Violation hearing to be held Aug 9, 2019 at 11 am Courtroom 2, 141 Church St New Haven, CT 06510
☐ The issuance of a warrant
☐ Other

_____
Signature of Judicial Officer

July 16, 2019
_____
Date

```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


_____
UNITED STATES OF AMERICA,      )
               Plaintiff,      ) No: 3:14-cr-00136-MPS-1
                               )
      v.                       ) August 6, 2019
DANIEL SCOTT,                  )
               Defendant.      ) 2:07 p.m.
_____)
                            Richard C. Lee U.S. Courthouse
                            141 Church Street
                            New Haven, CT 06510



        INITIAL APPEARANCE RE: REVOCATION OF SUPERVISED
           RELEASE/PRELIMINARY REVOCATION HEARING


B E F O R E:
        THE HONORABLE JANET BOND ARTERTON, U.S.D.J.



A P P E A R A N C E S:
For the Government:
      SARAH P. KARWAN, AUSA
      U.S. Attorney's Office
      157 Church Street, 25th Floor
      New Haven, CT 06510
      203-821-3700
      Email: sarah.p.karwan@usdoj.gov

For the Defendant:
      KELLY M. BARRETT, ESQ.
      Federal Public Defender's Office
      265 Church Street, Suite 702
      New Haven, CT 06510-7005
      203-498-4200
      Email: Kelly_barrett@fd.org

Also present:
      CAITLIN BRENNAN, USPO



Courtroom Deputy:                    Official Court Reporter:
Donna Barry,                         Tracy L. Gow, RPR
```

1          (Call to Order, 2:07 p.m.)

2          THE COURT:  Good afternoon, counsel, ladies and

3   gentlemen.

4          ALL:  Good afternoon, Your Honor.

5          THE COURT:  Please be seated.  We're here this

6   afternoon in the matter of the United States v. Daniel Scott,

7   14-cr-126.  May I please have appearances, starting with the

8   Government?

9          MS. KARWAN:  Good afternoon, Your Honor.  Sarah

10  Karwan on behalf of the United States.

11         THE COURT:  Good afternoon.

12         MS. BARRETT:  Kelly Barrett from the Federal

13  Defender's Office on behalf of Daniel Scott, who's with me at

14  counsel table.

15         THE COURT:  Good afternoon.  Good afternoon, Mr.

16  Scott.

17         THE DEFENDANT:  Good afternoon.

18         THE COURT:  If you put that monitor away, I could

19  actually see you.

20         Yeah, thanks.  Thank you very much.

21         All right.  And Caitlin Brennan from Probation is

22  also here.  All right.  We are here pursuant to the report on

23  violation of supervised release and the petition submitted to

24  the Court for a summons to determine whether or not the terms

25  of supervised release, which started March 7, 2017, have been

1    violated.

2          Now, Mr. Scott, have you read Mr. Brennan's report

3    of the violation of supervised release?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  And have you discussed that with

6    Ms. Barrett?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Okay.  And, so, the first thing I want

9    to say is that you do have the right to remain silent.

10   Anything that you say could be used against you if there were

11   an adjudication of the charges, which at this point are all

12   related to state charges, either in here or conceivably using

13   your statements against you in state court.  So you have the

14   right to remain silent.  If you start to speak, you can

15   change your mind and be silent thereafter.  All right?  Yes?

16         THE DEFENDANT:  Oh.  Yes, ma'am.

17         THE COURT:  And you have the right to counsel at all

18   stages of the proceedings on violation of supervised release,

19   and Ms. Barrett is, I am sure, ably representing you.

20         And the five charges that are found -- well, it's

21   really just one; isn't it?  It's really just one charge with

22   five warrants, all of which are out of New London and all of

23   which seem to be related to conflict with your son's mother.

24         MS. KARWAN:  Your Honor, may I just note something

25   for the record.  I just -- I don't want to catch anybody

```
1    off-guard.  I have copies of the police reports that are not
2    redacted.  I understand Probation Officer Brennan had
3    redacted versions.  And, so, there is another victim
4    identified in one of the reports.  I think a reader might
5    assume that to be the mother of the minor child.  It is not.
6    It is another family member of Mr. Scott's, who's named.
7    So --
8              THE COURT:  There is another name that shows up
9    under warrant number 3, Carter.  Is that what you're
10   referring to?
11             MS. KARWAN:  I don't have them numbered that way,
12   Your Honor.  I have the actual -- I'm looking at the actual
13   report.  But this is from the incident on May 31st -- May
14   30th and May 31st.  I'm just going to show the name to
15   Attorney Barrett to see if she's aware.
16             (Indicating.)
17             MS. KARWAN:  I just want it to be clear, Your Honor.
18   I'm not sure it changes the calculus, but --
19             THE COURT:  Okay.
20             MS. KARWAN:  -- in terms of what we may be
21   requesting or suggesting.
22             THE COURT:  All right.  In other words, we have one
23   charge of violation of supervised release, which is the five
24   outstanding warrants; correct?
25             MS. BARRETT:  Yes, Your Honor.
```

1     THE COURT:  And, Ms. Barrett, can you advise on the

2  status of these warrants?

3     MS. BARRETT:  Your Honor, Mr. Scott's next state

4  court date on the warrants is on August 19th.  However, prior

5  to that, there's also a proceeding on August 13th with what I

6  understand to be like a family counselor or a family mediator

7  type of person, who is working with Mr. Scott and his child's

8  mother, to try to reach a resolution on issues that they've

9  been having regarding joint custody and joint visitation.

10    The thought is that after the meeting on the 13th of

11 August, that the family mediator counselor will make

12 recommendations about appropriate counseling or appropriate

13 ways for trying to resolve the disputes that have been

14 ongoing.

15    THE COURT:  And then the August 19th proceeding is

16 anticipated to be what?

17    MS. BARRETT:  I think the August 19th proceeding is

18 anticipated to be in criminal court regarding the status of

19 the warrants.

20    THE COURT:  And it would appear from what

21 Ms. Brennan has advised that Mr. Scott has otherwise been

22 doing well on his supervision, has a good new job, and so,

23 there's nothing else at issue here except these warrants.

24    Is that how you understand it, Ms. Barrett?

25    MS. BARRETT:  Yes, Your Honor.  Mr. Scott has been

1  doing very well since he was in court the last time.  He has
2  an excellent job.  He basically is manufacturing airplane
3  parts for the military.  He has medical-dental-vision
4  benefits for himself and his son, a health services account.
5  He spends a lot of time with his son.
6       And, basically, his life at this point is working
7  and spending time with his son.  So in that respect, he's
8  doing very well.  He's had no trouble staying in touch with
9  Probation.  Early on during his term of supervision, he
10  completed a drug program and screening, and there have been
11  no issues in that regard since.
12       THE COURT:  So how would you like to proceed?
13       MS. BARRETT:  Your Honor, given the pendency of the
14  state cases, as well as the fact of the -- there has been a
15  history with his son's mother, a prior case was dismissed --
16  there's been a history of changing stories, and it's a very
17  volatile situation and one that is ongoing in state court,
18  both with regard to the warrants and in family court, my
19  proposal would be to postpone the violation pending the
20  outcome of those matters and until we have more information
21  about both the outcome of the family court proceeding and
22  what the State plans to do with the criminal warrants.
23       I should say that Mr. Scott and his child's mother
24  have joint legal custody.  They have a visitation schedule,
25  and they''re attempting to change that schedule.  Mr. Scott

7

1    would like to have more time with his child and has concerns

2    about the current schedule.

3         As I understand it, a lot of the conflict has arisen

4    over their son and over what the conditions of visitation

5    will be.  So I think that those proceedings will heavily

6    influence the State proceeding, as well as this proceeding.

7    So I would propose a continuance, possibly with a check-in

8    date 60 or 90 days from today, to see where things stand with

9    the State.

10        THE COURT:  All right.  And for the Government,

11   Ms. Karwan?

12        MS. KARWAN:  Thank you, Your Honor.  Your Honor, I

13   just mentioned the fact that there was another victim

14   referenced in the reports just to demonstrate that it appears

15   that, at least as when the warrants were served, that this

16   was a situation that was spiraling out of control and was

17   involved -- it all appears to stem from the ongoing, we'll

18   call it "custody dispute" between Mr. Scott and his former

19   girlfriend, but it has now sort of reached and involved other

20   family members who seem to otherwise want to be doing the

21   right thing and staying out of this.

22        And so, you know, I hope it has come to a head with

23   the arrests and the involvement of the State court

24   authorities.  But I bring it to the court's attention because

25   it seems like Mr. Scott is doing well in other aspects and

1    areas of his life and is making progress in those areas, and

2    it would be a shame for what appears to be dumb, foolish

3    decisions to disrupt that entire progress, and the Government

4    certainly doesn't want that to happen.

5         So I don't have any objection to the continuance.

6    I've been scratching my head, trying to think if there are

7    other conditions that the Court can impose on Mr. Scott not

8    to restrict the areas of progress, but it's a frustrating

9    situation and I'm not sure the Federal Court can really wade

10   into family disputes.

11        So I don't know if the Court has other conditions in

12   mind.  I would note that the use of the cell -- the alleged

13   use of the cell phone to send threatening messages and the

14   like, I've alerted the New London Police that if they have

15   evidence of another threatening text, that they should call

16   the FBI or Federal law enforcement first, because we will

17   charge that as new Federal criminal conduct.  That's a

18   violation of Federal law, and we won't be talking about

19   supervision anymore.  We'll be talking about new criminal

20   charges.

21        So I impress upon Mr. Scott that we take that

22   seriously, and that is something we can charge federally and

23   will, because I think he does seem capable of making

24   decisions that are in his interest, in his son's interest,

25   and doing well.  So I would be interested if the Court had

1  any other insight into conditions that we could put on Mr.

2  Scott to try to ensure this stays on the right path.  I'm

3  just somewhat at a loss of what those might be, given that he

4  is doing well in other areas.

5          THE COURT:  Well, sometimes I find it useful to ask

6  the person who is appearing before the Court about what can

7  be done.  This obviously is a situation going fine in most

8  areas and going terribly in another area.  And that

9  terribleness is what is potentially so costly to you, to

10 others, to your son.

11         And, so, how to put out the flame, at least until

12 you have been heard in state court on what it is that you

13 think would be fair in terms of visitation.

14         I did have a thought that there are around the state

15 what's called fatherhood initiatives.  And I have had the man

16 who runs the one in this area come in and speak to my people

17 in Support Court, who find themselves in real conflict with

18 their exes.  And it's a way to share, to unwrap the feelings

19 that become so volatile and put things out of control.

20         And Ms. Brennan says that there are likely

21 fatherhood initiatives by this same organization in the

22 Norwich/New London area.  That might be a very good idea.

23 It's something you do on your own.  It's something you can

24 take the wisdom that you get from it, incorporate it into

25 your reactions when your buttons are pushed, develop the

1   ability to, if not be the peacemaker at least not be the

2   peace-breaker, and frankly, it seems to me that that

3   initiative on your part would be of significance to the

4   family court mediator.

5          What do you think?

6          THE DEFENDANT:  I think that's a good idea, because

7   I be feeling like I need somebody to talk to because I don't

8   talk to nobody, and I be feeling helpless in this whole

9   situation.

10         THE COURT:  This might be really good.  At least the

11  people from my Support Court who have availed themselves of

12  this have found not only the understanding ear, but the

13  wisdom and the approach to, at a minimum, have the potential

14  of defusing situations.

15         Any information on how soon Mr. Scott could get

16  involved?  Is this something that he has to apply for?  Or he

17  can just enroll himself?  What do you know about this?

18         THE PROBATION OFFICER:  Your Honor, I believe it's

19  more of an enrollment process.  We would have to locate a

20  program, which he can come up to my office after this hearing

21  and we can take a look and see what we can find, if not in

22  his area, as close to him as possible.  And we can make the

23  phone call today to see what the process is to get started.

24         THE COURT:  How does that sound?

25         THE DEFENDANT:  Yeah, I'm open to anything, like I

1    want to talk, like, because, like, with these whole

2    situations, like the police get called and then I'm not

3    talking to the police, so I'm not getting -- it's just

4    everybody against me.  Even in the family court side, like

5    when I go for custody hearings, nobody wants to hear me,

6    like.

7              THE COURT:  Well, let's try this.  And why don't you

8    go back with Ms. Brennan and search around for that kind of a

9    program, because it's clear from the fact that you're tearing

10   up now that this is really weighing heavily, and see if the

11   fatherhood initiative puts a piece into the puzzle that you

12   don't have right now.

13             And as with any kind of a program, you know that

14   it's whatever you put into it, you get out of.  And obviously

15   you did that well in the drug program, and you've been clean

16   ever since.  Let's do that.  I'm not going to make it a

17   requirement.  I'm not going to do anything more today.  But I

18   think we all agree it sounds like a good idea.

19             THE DEFENDANT:  I'm gonna do it.

20             THE COURT:  All right.  Okay.  Because I really

21   can't and won't do anything that is totally related to your

22   criminal matters that are pending, because I don't want to

23   compromise them in any way.  But let's make sure that you're

24   doing what you can do.

25             Okay.  Let's -- shall we schedule the hearing, the

1    postponed hearing, for 60 days?  You said 60 or 90.

2           MS. BARRETT:  I think we can schedule it for 60

3    days, and the parties can confer, if it looks like the state

4    court case is still pending, we can notify the Court of that.

5    But we could aim for 60 days.

6           THE COURT:  Are you going to be around in 60 days?

7           MS. BARRETT:  I might be.

8           THE COURT:  How about we continue this to October

9    9 -- that's Yom Kippur; I don't know if that affects

10   anybody -- at 10 a.m.  Will that work?

11          MS. BARRETT:  Thank you, Your Honor.

12          MS. KARWAN:  That's fine, Your Honor.  Thank you.

13          THE COURT:  All right, then.  Let's take advantage

14   of your looking for help, see if family fatherhood initiative

15   is a good thing.  Since you're going to be a father for the

16   rest of your life, you might as well get started on it right,

17   okay.  How old is your son; four?

18          THE DEFENDANT:  He's five.  He'll be six on November

19   15th.

20          THE COURT:  So he's in school.

21          THE DEFENDANT:  First grade this year.

22          THE COURT:  He's starting first grade.

23          THE DEFENDANT:  Uh-huh, and he plays football now,

24   too.

25          THE COURT:  Oh, gee.  It all moves very fast,

1    doesn't it?  All right, then, if there is nothing further, we

2    stand in recess.  Have a nice day.  And thank you,

3    Ms. Brennan, for taking up the task of finding that program.

4    Okay.  Thank you.  We stand in recess.

5            (Proceedings concluded, 2:48 p.m.)

6                    C E R T I F I C A T E

7

8                RE: *U.S. v. DANIEL SCOTT*

9            Criminal No. 3:14-cr-00136-MPS-1

10

11      I, Tracy L. Gow, RPR, Official Court Reporter for the

12   United States District Court, District of Connecticut, do

13   hereby certify that the foregoing pages, 1 through 13, are a

14   true and accurate transcription of my shorthand notes taken

15   in the aforementioned matter to the best of my skill and

16   ability.

17

18                    /s/  TRACY L. GOW
                      Official Court Reporter
19                    U.S. District Court
                      915 Lafayette Boulevard, Room 216
20                    Bridgeport, Connecticut 06604
                      (203) 910-0323
21

22

23

24

25

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Connecticut

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | MAR 3 2020 AM 9:50 |
| | ) | FILED-USDC-CT-NEW HAVEN |
| Daniel Scott | ) | Case No.  3:20mj220 (RAR) |
| | ) | |
| | ) | |
| | ) | |

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   February 2020 through March 2020   in the county of   New London   in the

_____   District of   Connecticut   , the defendant(s) violated:

| _Code Section_ | _Offense Description_ |
|---|---|
| 18 U.S.C. 875(c) | Interstate Threats |

This criminal complaint is based on these facts:

See the attached affidavit of ATF Special Agent Gregory Macksoud, which is incorporated by reference

☑ Continued on the attached sheet.

_Complainant's signature_

S/A Gregory Macksoud
_Printed name and title_

Sworn to before me and signed in my presence.

Date:   3/2/2020

/s/ Robert A. Richardson
_Judge's signature_

City and state:   Hartford, Connecticut

Robert A. Richardson, U.S.M.J.
_Printed name and title_

LOCAL PROB 12C
(06/17)

# UNITED STATES DISTRICT COURT
## for
## Connecticut

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Daniel D. Scott     Docket Number: 0205 3:14CR00136-001

Sentencing Judicial Officer: Honorable Janet Bond Arterton, U.S. District Judge

Date of Original Sentence: October 28, 2014

Original Offense: Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

Original Sentence: 21 Months Bureau of Prisons; 36 Months Term of Supervised Release

Type of Supervision: Supervised Release     Date Supervision Commenced: March 7, 2017

AUSA: Sarah P. Karwan     Defense Attorney: Kelly M. Barrett

---

## PETITIONING THE COURT

☐ To issue a summons for a violation hearing
☒ To issue a warrant

The probation officer believes that the offender has violated the following condition(s) of supervision:

| | |
|---|---|
| Charge # 1<br>Standard #3 | You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.<br><br>On March 2, 2020, the U.S. Probation Office was notified by the New York City Police Department that Mr. Scott was in Bronx, New York attempting to contact a female acquaintance who reportedly advised police he was there to cause her harm. Mr. Scott did not have permission from the Probation Office or the Court to travel out of the District of Connecticut this date. |

U.S. Probation Officer Recommendations:
It is respectfully recommended that a warrant for the arrest of Mr. Scott be issued compelling him to appear before the Court to show cause as to why his supervised release should not be modified or revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On _____March 2, 2020_____

_____
Brian J. Topor
Supervising U.S. Probation Officer

**THE COURT ORDERS:**

☐ No Action

☐ The issuance of a summons for a compliance review hearing  Date:

☒ The issuance of a summons  Date: __3/4/20 @ 2³⁰ US District Court, Bridgeport__

☐ The issuance of a warrant

☐ Other

_____
Signature of Judicial Officer
Janet Bond Arterton, U.S.D.J.

_____March 4, 2020_____
Date

1                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF CONNECTICUT
2
                                   )
3     UNITED STATES OF AMERICA,     )    No. 3:14-CR-00136-JBA-1
                                   )    141 Church Street
4                    vs.            )    New Haven, Connecticut
                                   )
5     DANIEL SCOTT.                 )    March 4, 2020
      _____ )
6

                  TRANSCRIPT OF REVOCATION HEARING
7
              BEFORE THE HONORABLE WILLIAM I. GARFINKEL
8
                  UNITED STATES MAGISTRATE JUDGE
9
      APPEARANCES:
10    For the Plaintiff:      HAROLD CHEN, ESQ.
                              U.S. Attorney's Office-BPT
11                            1000 Lafayette Boulevard
                              10th Floor
12                            Bridgeport, CT  06604

13    For the Defendant:      KELLY M. BARRETT, ESQ.
                              Federal Public Defender's Office - NH
14                            265 Church Street
                              Suite 702
15                            New Haven, CT 06510

16

17

18    ECR Operator:          FTR

19                        Sharona Shapiro, CET-492
                             eScribers, LLC
20                        352 Seventh Avenue
                             Suite #604
21                        New York, NY 10001
                           (973) 406-2250
22

23

24

25

1                          I N D E X

2    RULINGS:                                    PAGE   LINE
     Mr. Scott is to be detained without          13     14
3    prejudice to reconsideration.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

GA000043

Colloquy

1              (3:13 O'CLOCK, P.M.)

2              THE COURT:  Again, thanks for coming down to work

3    with Mr. Scott.  And the financial affidavit looks in order,

4    so we can file that under seal.

5              Has your office already been representing Mr. Scott?

6              MS. BARRETT:  Judge, Your Honor, I've been

7    representing him since 2014.

8              THE COURT:  Okay, thanks.

9              MS. BARRETT:  And more recently I've been

10   representing him consistently, yes.

11             THE COURT:  Oh, well, thank you.

12             I'm going to turn to Mr. Chen to get a little bit of

13   background.  It looks like what we have is a new complaint and

14   a somewhat related or very related petition or a warrant issue

15   for violation of supervised release and warrant and issue of

16   Mr. Scott, who has been arrested, and is here.

17             And so we have actually two matters that are really

18   pending.  One, I guess, would be the supervised release

19   violation.  And so if you could maybe outline, to the extent

20   you can today, what exposure he might have on that, if the

21   sentencing judge there -- who -- I don't -- oh, Judge

22   Arterton  -- that were defined in violation.

23             And then I guess we have the new complaint, and to

24   the extent possible, to outline the charges in that complaint,

25   and what sort of penalties those could carry, do you have --

Colloquy

1    Mr. Chen, do you have to mention them both, or just --

2              MR. CHEN:  Yes, Your Honor, I --

3              THE COURT:  Oh, you do.

4              MR. CHEN:  Thanks.  On behalf of AUSA Doug Morabito.

5              First, with respect to the criminal complaint, which

6    is case number 3:20-mj-00220-RAR, he's charged with interstate

7    threats in violation of 18 United States Code Section 875(c).

8    And should he be convicted of that offense, the maximum

9    penalty is up to five years in federal prison, a fine of up to

10   250,000 dollars, previous supervised release of up to three

11   years, and a special assessment of 100 dollars.

12             In addition, Judge Arterton has signed a petition for

13   warrant or summons for offender under supervision relating to

14   his possession with intent to distribute heroin conviction, in

15   violation of Title 21, United States Code, Sections 841(a)(1)

16   and 841(b)(1)(C).  He was originally charged in 2014.

17             He did a term of prison of twenty-one months in the

18   prisons, and he's been out on thirty-six months of supervised

19   release.  For the supervised release violation, my

20   understanding, because it's a Class -- I believe it's a Class

21   C felony -- he could be subject to up to two additional years

22   in prison based on the arrest, if the Court were to convict

23   him with respect to the supervised release violation as well.

24             THE COURT:  Thank you.

25             MR. CHEN:  Thank you, Your Honor.

Colloquy

1    THE COURT:  So just to remind you, Mr. Scott, of

2  certain very important rights.  Of course you have the right

3  not to incriminate yourself, the right to be silent, not to

4  make any sort of statements, not to answer any questions from

5  anybody in law enforcement.  Do you understand, sir?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT: Okay.  And of course, if you do make a

8  statement or answer questions, anything you say could be used

9  to help prosecute you, both with respect to the supervised

10 release situation and the new case.  Do you understand, sir?

11   THE DEFENDANT:  Yes, sir.

12   THE COURT:  I always want to make sure you know that

13 you have the right to counsel, and you have excellent counsel

14 who has been working with you for a good while.  But it's

15 always important you know that you have the right to counsel,

16 even if you can't afford a lawyer.  Do you understand, sir?

17   THE DEFENDANT:  Yes, sir.

18   THE COURT:  And also very important to know that, if

19 at any point you are thinking about making a statement or

20 answering questions about the case, or the supervised release

21 violation situation, you could always confer with a lawyer

22 ahead of time about that issue.  And she could actually be

23 with you at all times, if you're making any kind of statement

24 or answering any questions.  Do you understand, sir?

25   THE DEFENDANT:  Yes, sir.

6

Colloquy

1    THE COURT:  And also very important to know that,

2  even if you started making a statement or answering questions,

3  or you do start making a statement or answering questions, it

4  is still entirely up to you how far that goes.  You have the

5  right to stop that process at that point.  Do you understand,

6  sir?

7    THE DEFENDANT:  Yes, sir.

8    THE COURT:  Okay, thanks.

9    So at this point, what we have is, I think, you know,

10  a couple of things scheduling-wise.  We would have to -- I

11  guess Judge Arterton's office chambers would have to give a

12  schedule for when she would want to see Mr. Scott.  Do you

13  know if they've done that yet?

14    THE CLERK:  I've been waiting to get that back.

15    THE COURT:  Okay.  And then we would have on -- this

16  case hasn't been to the grand jury, the new case.  We would

17  have a tentative date for a probable cause hearing, which

18  would pick whatever date --

19    THE CLERK:  18th.

20    THE COURT:  -- 18th at noon.  If we don't need it,

21  that's fine.

22    And then the only other thing we need to do right now

23  is take a look at release or detention.  And let me just hear

24  from the Government on that.  I know that right now the

25  probation department is recommending detention for a couple of

Colloquy

1    reasons.  One is that there appears to have been travel out of

2    state, without notification to probation, and also, I think

3    the use of a phone we didn't know about, which is a little bit

4    lesser of a situation, but still also something that's a bit

5    of a problem.  And then, of course, the main thing is the

6    situation that evolved in New York, and the nature of the

7    messages which are outlined in some significant detail in the

8    complaint are obviously really troubling.

9              The complaint, has it been unsealed yet, or --

10             MR. CHEN:  Your Honor, it never was sealed.

11             THE COURT:  It never was sealed.  Okay.  And then

12   there might be a warrant that needs to be returned at some

13   point.  But we don't have to take care of that.  So you've

14   given Ms. Barrett all the information that you have,

15   essentially?

16             MR. CHEN:  Yes, that is correct.

17             THE COURT:  Yeah.

18             MR. CHEN:  My understanding is that AUSA Morabito has

19   filed a detention motion too --

20             THE COURT:  He did?

21             MR. CHEN:  -- because of his two -- because of Mr.

22   Scott's two prior felony drug convictions under the Controlled

23   Substances Act.  So that would be under the 3142(f)(1).

24             In addition, as Your Honor has pointed out, the

25   substance of the affidavit, the text messages that were

Colloquy

1    communicated to the woman, who apparently was formerly

2    associated with Mr. Scott, are concerning and are troubling,

3    because they refer to threats of violence, threats of harm, et

4    cetera.  And the Government does not believe it is necessary

5    really to explicate them, since they're actually in the

6    affidavit, but the Government is moving for detention in this

7    case.

8              THE COURT:  Ms. Barrett?

9              MS. BARRETT:  Yeah, thank you, Your Honor.  I have

10   been working with Mr. Scott for a while, and so I know that,

11   over the past couple of years, he has done a tremendous amount

12   of work to rehabilitate himself, and most notably securing a

13   job at Doncaster (ph.) making -- he basically manufactures

14   military-grade airplane cards (ph.).

15             He also has joint legal custody of his son, who he

16   sees regularly.  As part of his job, he has a benefits package

17   that includes health benefits and a health savings account

18   that his son benefits from.  The concern very much is that he

19   will lose that job if he's detained.  He has been working

20   there full time for quite some time and showing perfect

21   employment to probation.

22             I know that, from looking at the text messages and

23   the complaint, I know that they certainly look very

24   concerning.  I would say that what Attorney Morabito told me

25   was that when Mr. Scott was searched upon arrest, nothing

Colloquy

1    was -- there were no weapons or drugs found on him.

2          Obviously, the travel and the nature of the

3    conversations are concerning.  But what I would propose, to

4    mitigate against those concerns, would be that Mr. Scott could

5    be on house arrest, with a GPS monitor, and that he not be

6    permitted to leave for any reason other than work and picking

7    up his son, and that perhaps even maybe, within a certain

8    period of time, he could come back and add additional surety.

9    I don't have anyone else today --

10          THE COURT:  Sure.

11          MS. BARRETT:  -- for it, but there may be additional

12   people that we could talk to in terms of a bond for Mr. Scott.

13   But --

14          THE COURT:  You know, it's hard to know what was

15   going on, because his supervised release seemed to be in the

16   homestretch, and it was a good job, and the relationship with

17   the son -- this is ostensibly kind of crazy out-of-control

18   behavior, involving not just the messages, but actually going

19   down to New York.  And then things like, not just harassing

20   stuff, but you know, threatening to shoot up a gym and all of

21   us.  It's sort of, like, you know, threatening, like, murder/

22   suicide, and basically not worried about the cops, don't care

23   about that.

24          And it's -- I would think that, given how little else

25   I know, other than what's said here, and then the fact that he

Colloquy

1   actually did go down to New York, I kind of think almost

2   anyone would think it wouldn't be responsible for me to

3   release him right now.  You know, knowing that supervised

4   release was at stake, knowing everything he'd been through,

5   that he'd been incarcerated, he'd gotten out, he'd worked all

6   that hard, the kind of judgment, the lack of control to

7   then -- to do this, it makes you wonder what the heck is going

8   on, in terms of, like, what kind of place is he in where he

9   would throw so much away for this?

10          If you could eliminate that, you know, I would be --

11  but right now, you know, it's hard to believe that GPS or

12  location monitoring would make a difference that throwing this

13  all -- everything he did away, to do this crazy stuff in New

14  York didn't prevent him from doing.  That's the problem.  It's

15  a real hard one to understand.

16          MS. BARRETT:  Well, I think I can eliminate it

17  somewhat.  I haven't done an extensive investigation yet, but

18  I do know that, from talking with Attorney Morabito, and from

19  what I understand from Mr. Scott, that there was concern that

20  this person in New York was stealing from him, and he did have

21  evidence of that that he wanted to talk through with her.  He

22  didn't intend to do any harm.

23          You know, I've looked at it.  It does appear that

24  someone was stealing from him.  That doesn't necessarily

25  justify, obviously, you know, the approach taken.  But I

Colloquy

1  think, to the extent that that sheds any light on, sort of,

2  what was going on, I mean, I think that there is a little bit

3  more to the story.  But I think, at this point, it still, you

4  know --

5          THE COURT:  Yeah.

6          MS. BARRETT:  -- needs further investigation, Your

7  Honor.

8          THE COURT:  I know.  The thing that I feel the most

9  troubled about, in terms of the consequences, are the job and

10  also his raising his -- taking a role in raising his child.

11  But the thing that worries me, though, is taking such a chance

12  with someone I fear might be out of control and not

13  deterrable.

14          MR. CHEN:  Sure.

15          THE COURT:  That's the thing.

16          Yeah, Mr. Chen?

17          MR. CHEN:  Your Honor, the Government echoes your

18  concerns.  I don't think this is a good, calculated risk,

19  particularly that he is on supervised release, with Judge

20  Arterton, and apparently she wants to see him fairly soon as

21  well.

22          I do have concerns.  He does have a pretty

23  significant record.  There were recent arrests for threatening

24  or other stated conduct.

25          THE COURT:  I know.

Colloquy

1      MR. CHEN:  I don't know if it involves this victim or

2  somebody else.  Some of those cases are pending.

3      THE COURT:  Yeah.

4      MR. CHEN:  But I think this would not be one of those

5  circumstances where it would be sufficient to mitigate the

6  risk, especially since we have nothing close to a package in

7  place.

8      THE COURT:  Yeah, and in fairness to Ms. Barrett, I

9  don't know how she could put one together --

10      MR. CHEN:  Exactly.

11      THE COURT:  -- right?

12      MR. CHEN:  Yeah, I don't --

13      THE COURT:  Right.

14      MR. CHEN:  I don't think it could be expected of Ms.

15  Barrett, even with her prior representation of Mr. Scott, to

16  put anything together in this type of short notice.  And it's

17  possible maybe she could persuade Your Honor or Judge Arterton

18  down the line, but we aren't even close.

19      THE COURT:  And I'm sure the folks in the public

20  (audio interference) upstairs are surprised as I would be, or

21  probation would be to see this.  I mean, it's like --

22      Kathy, do we have a date from Judge Arterton?  Is

23  it --

24      THE CLERK:  There's nothing yet.  I am --

25      THE COURT:  I know they -- I mean, they're really --

Colloquy

1    when they sent me the notice, they're very good about getting

2    back and getting folks in.  But you know, this is -- I don't

3    see any reasonably safe alternative to detain him without

4    prejudice.

5           And Ms. Barrett, you and your colleagues have a

6    chance to look into this, and maybe there's actually less here

7    than meets the eye, which would be great, instead of more here

8    than meets the eye.  But I don't know anybody who would take a

9    chance on this at this point, given how little we know, other

10   than what's really, really risky behavior.  And yeah, that's

11   aside from the prior record.  It's just that when you're on

12   supervised release, you have less margin for error.  And this

13   was a pretty lot of stuff that went down in New York.

14          So I'm going to detain without prejudice to

15   reconsideration.  And if you have something that you want to

16   get back here on very soon, go right ahead.  I think right

17   now -- oh, okay, Judge Arterton set it down for next week

18   at -- well, actually, that's the 10th, which is a Tuesday, at

19   2.  Okay.  So good.  I know she wanted to get it in soon, so

20   she was able to get it in inside of a week, and that, it

21   seems, is the best that they can do.  We tried to -- we

22   obviously want to get it on as soon as possible, just in case

23   there might be a way to salvage the situation.

24          Mr. Chen, Ms. Barrett, thanks for your efforts.  And

25   I really hope that there's less here than meets the eye, that

14

Colloquy

1    it's not what it looks like on paper, that there's a way to

2    salvage the situation.  I think there's nothing else we can do

3    to this afternoon.  Thank you.

4             MR. CHEN:  Your Honor, thank you.

5             THE COURT:  We're in recess.

6             THE CLERK:  The Honorable United States District

7    Court is now in recess.

8             (Whereupon the above matter was concluded at 3:28

9    o'clock, p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1
 2                    C E R T I F I C A T I O N
 3
 4          I, Sharona Shapiro, Official Court Transcriber for
 5   the United States District Court for the District of
 6   Connecticut, do hereby certify that the foregoing pages are a
 7   true and accurate transcription of the proceedings in the
 8   aforementioned matter to the best of my skill and ability.
 9
10
11   Date: June 13, 2022
12
13                    Sharona Shapiro
14
15   _____
16              SHARONA SHAPIRO, CET-492
17                    eScribers, LLC
              352 Seventh Avenue, Ste. #604
18                  New York, NY 10001
                     (973)406-2250
19             operations@escribers.net
20
21
22
23
24
25
```

United States of America v.
Daniel Scott

No. 3:14-CR-00136-JBA-1
March 4, 2020

**A**

**able (1)**
13:20
**above (1)**
14:8
**account (1)**
8:17
**Act (1)**
7:23
**actually (7)**
3:17;5:22;8:5;9:18;
10:1;13:6,18
**add (1)**
9:8
**addition (2)**
4:12;7:24
**additional (3)**
4:21;9:8,11
**affidavit (3)**
3:3;7:25;8:6
**afford (1)**
5:16
**afternoon (1)**
14:3
**Again (1)**
3:2
**against (1)**
9:4
**ahead (2)**
5:22;13:16
**airplane (1)**
8:14
**almost (1)**
10:1
**alternative (1)**
13:3
**always (3)**
5:12,15,21
**amount (1)**
8:11
**apparently (2)**
8:1;11:20
**appear (1)**
10:23
**appears (1)**
7:1
**approach (1)**
10:25
**arrest (3)**
4:22;8:25;9:5
**arrested (1)**
3:16
**arrests (1)**
11:23
**Arterton (6)**
3:22;4:12;11:20;
12:17,22;13:17
**Arterton's (1)**
6:11
**aside (1)**
13:11

**assessment (1)**
4:11
**associated (1)**
8:2
**Attorney (2)**
8:24;10:18
**audio (1)**
12:20
**AUSA (2)**
4:4;7:18
**away (2)**
10:9,13

**B**

**back (4)**
6:14;9:8;13:2,16
**background (1)**
3:13
**BARRETT (12)**
3:6,9;7:14;8:8,9;
9:11;10:16;11:6;12:8,
15;13:5,24
**based (1)**
4:22
**basically (2)**
8:13;9:22
**behalf (1)**
4:4
**behavior (2)**
9:18;13:10
**benefits (3)**
8:16,17,18
**best (1)**
13:21
**bit (4)**
3:12;7:3,4;11:2
**bond (1)**
9:12
**both (2)**
4:1;5:9

**C**

**calculated (1)**
11:18
**can (5)**
3:4,20;10:16;13:21;
14:2
**cards (1)**
8:14
**care (2)**
7:13;9:22
**carry (1)**
3:25
**case (7)**
4:6;5:10,20;6:16,16;
8:7;13:22
**cases (1)**
12:2
**cause (1)**
6:17
**certain (2)**

5:2;9:7
**certainly (1)**
8:23
**cetera (1)**
8:4
**chambers (1)**
6:11
**chance (3)**
11:11;13:6,9
**charged (2)**
4:6,16
**charges (1)**
3:24
**Chen (19)**
3:12;4:1,2,4,25;7:10,
16,18,21;11:14,16,17;
12:1,4,10,12,14;13:24;
14:4
**child (1)**
11:10
**circumstances (1)**
12:5
**Class (1)**
4:20,20
**CLERK (4)**
6:14,19;12:24;14:6
**close (2)**
12:6,18
**Code (2)**
4:7,15
**colleagues (1)**
13:5
**coming (1)**
3:2
**communicated (1)**
8:1
**complaint (7)**
3:13,23,24;4:5;7:8,9;
8:23
**concern (2)**
8:18;10:19
**concerning (3)**
8:2,24;9:3
**concerns (3)**
9:4;11:18,22
**concluded (1)**
14:8
**conduct (1)**
11:24
**confer (1)**
5:21
**consequences (1)**
11:9
**consistently (1)**
3:10
**control (2)**
10:6;11:12
**Controlled (1)**
7:22
**conversations (1)**
9:3
**convict (1)**
4:22

**convicted (1)**
4:8
**conviction (1)**
4:14
**convictions (1)**
7:22
**cops (1)**
9:22
**counsel (3)**
5:13,13,15
**couple (3)**
6:10,25;8:11
**course (3)**
5:2,7;7:5
**COURT (32)**
3:2,8,11;4:3,22,24;
5:1,7,12,18;6:1,8,15,
20;7:11,17,20;8:8;
9:10,14;11:5,8,15,25;
12:3,8,11,13,19,25;
14:5,7
**crazy (2)**
9:17;10:13
**criminal (1)**
4:5
**custody (1)**
8:15

**D**

**date (3)**
6:17,18;12:22
**DEFENDANT (5)**
5:6,11,17,25;6:7
**defined (1)**
3:22
**department (1)**
6:25
**detail (1)**
7:7
**detain (2)**
13:3,14
**detained (1)**
8:19
**detention (4)**
6:23,25;7:19;8:6
**deterrable (1)**
11:13
**difference (1)**
10:12
**distribute (1)**
4:14
**District (1)**
14:6
**dollars (2)**
4:10,11
**Doncaster (1)**
8:13
**done (3)**
6:13;8:11;10:17
**Doug (1)**
4:4
**down (6)**

3:2;9:19;10:1;12:18;
13:13,17
**drug (1)**
7:22
**drugs (1)**
9:1

**E**

**echoes (1)**
11:17
**efforts (1)**
13:24
**eliminate (2)**
10:10,16
**else (4)**
9:9,24;12:2;14:2
**employment (1)**
8:21
**enforcement (1)**
5:5
**entirely (1)**
6:4
**error (1)**
13:12
**especially (1)**
12:6
**essentially (1)**
7:15
**et (1)**
8:3
**even (5)**
5:16;6:2;9:7;12:15,
18
**evidence (1)**
10:21
**evolved (1)**
7:6
**Exactly (1)**
12:10
**excellent (1)**
5:13
**expected (1)**
12:14
**explicate (1)**
8:5
**exposure (1)**
3:20
**extensive (1)**
10:17
**extent (3)**
3:19,24;11:1
**eye (3)**
13:7,8,25

**F**

**fact (1)**
9:25
**fairly (1)**
11:20
**fairness (1)**
12:8

GA000057

United States of America v.
Daniel Scott

No. 3:14-CR-00136-JBA-1
March 4, 2020

**far (1)**
6:4
**fear (1)**
11:12
**federal (1)**
4:9
**feel (1)**
11:8
**felony (2)**
4:21;7:22
**file (1)**
3:4
**filed (1)**
7:19
**financial (1)**
3:3
**fine (2)**
4:9;6:21
**First (1)**
4:5
**five (1)**
4:9
**folks (2)**
12:19;13:2
**formerly (1)**
8:1
**found (1)**
9:1
**full (1)**
8:20
**further (1)**
11:6

**G**

**given (3)**
7:14;9:24;13:9
**goes (1)**
6:4
**good (5)**
5:14;9:16;11:18;
13:1,19
**Government (4)**
6:24;8:4,6;11:17
**GPS (2)**
9:5;10:11
**grand (1)**
6:16
**great (1)**
13:7
**guess (3)**
3:18,23;6:11
**gym (1)**
9:20

**H**

**harassing (1)**
9:19
**hard (4)**
9:14;10:6,11,15
**harm (2)**
8:3;10:22

**health (2)**
8:17,17
**hear (1)**
6:23
**hearing (1)**
6:17
**heck (1)**
10:7
**help (1)**
5:9
**heroin (1)**
4:14
**himself (1)**
8:12
**homestretch (1)**
9:16
**Honor (10)**
3:6;4:2,25;7:10,24;
8:9;11:7,17;12:17;14:4
**Honorable (1)**
14:6
**hope (1)**
13:25
**house (1)**
9:5

**I**

**important (4)**
5:2,15,18;6:1
**incarcerated (1)**
10:5
**includes (1)**
8:17
**incriminate (1)**
5:3
**information (1)**
7:14
**inside (1)**
13:20
**instead (1)**
13:7
**intend (1)**
10:22
**intent (1)**
4:14
**interference (1)**
12:20
**interstate (1)**
4:6
**into (1)**
13:6
**investigation (2)**
10:17;11:6
**involves (1)**
12:1
**involving (1)**
9:18
**issue (3)**
3:14,15;5:22

**J**

**job (5)**
8:13,16,19;9:16;11:9
**joint (1)**
8:15
**Judge (9)**
3:6,21,21;4:12;6:11;
11:19;12:17,22;13:17
**judgment (1)**
10:6
**jury (1)**
6:16
**justify (1)**
10:25

**K**

**Kathy (1)**
12:22
**kind (5)**
5:23;9:17;10:1,6,8
**knowing (2)**
10:3,4

**L**

**lack (1)**
10:6
**law (1)**
5:5
**lawyer (2)**
5:16,21
**leave (1)**
9:6
**legal (1)**
8:15
**less (3)**
13:6,12,25
**lesser (1)**
7:4
**light (1)**
11:1
**line (1)**
12:18
**little (5)**
3:12;7:3;9:24;11:2;
13:9
**location (1)**
10:12
**look (3)**
6:23;8:23;13:6
**looked (1)**
10:23
**looking (1)**
8:22
**looks (3)**
3:3,13;14:1
**lose (1)**
8:19
**lot (1)**
13:13

**M**

**main (1)**
7:5
**makes (1)**
10:7
**making (5)**
5:19,23;6:2,3;8:13
**manufactures (1)**
8:13
**margin (1)**
13:12
**matter (1)**
14:8
**matters (1)**
3:17
**maximum (1)**
4:8
**may (1)**
9:11
**maybe (4)**
3:19;9:7;12:17;13:6
**mean (3)**
11:2;12:21,25
**meets (3)**
13:7,8,25
**mention (1)**
4:1
**messages (4)**
7:7,25;8:22;9:18
**might (4)**
3:20;7:12;11:12;
13:23
**military-grade (1)**
8:14
**mitigate (2)**
9:4;12:5
**monitor (1)**
9:5
**monitoring (1)**
10:12
**months (2)**
4:17,18
**Morabito (4)**
4:4;7:18;8:24;10:18
**more (3)**
3:9;11:3;13:7
**most (2)**
8:12;11:8
**motion (1)**
7:19
**moving (1)**
8:6
**much (2)**
8:18;10:9
**murder/ (1)**
9:21

**N**

**nature (2)**
7:6;9:2
**necessarily (1)**
10:24
**necessary (1)**

8:4
**need (2)**
6:20,22
**needs (2)**
7:12;11:6
**new (10)**
3:13,23;5:10;6:16;
7:6;9:19;10:1,13,20;
13:13
**next (1)**
13:17
**noon (1)**
6:20
**notably (1)**
8:12
**notice (2)**
12:16;13:1
**notification (1)**
7:2
**number (1)**
4:6

**O**

**obviously (4)**
7:8;9:2;10:25;13:22
**O'CLOCK (2)**
3:1;14:9
**offender (1)**
4:13
**offense (1)**
4:8
**office (2)**
3:5;6:11
**One (5)**
3:18;7:1;10:15;12:4,
9
**only (1)**
6:22
**order (1)**
3:3
**originally (1)**
4:16
**ostensibly (1)**
9:17
**out (5)**
4:18;7:1,24;10:5;
11:12
**outline (2)**
3:19,24
**outlined (1)**
7:7
**out-of-control (1)**
9:17
**over (1)**
8:11

**P**

**package (2)**
8:16;12:6
**paper (1)**
14:1

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net
**(2) far - paper**

GA000058

United States of America v.
Daniel Scott

No. 3:14-CR-00136-JBA-1
March 4, 2020

**part (1)**
8:16
**particularly (1)**
11:19
**past (1)**
8:11
**penalties (1)**
3:25
**penalty (1)**
4:9
**pending (2)**
3:18;12:2
**people (1)**
9:12
**perfect (1)**
8:20
**perhaps (1)**
9:7
**period (1)**
9:8
**permitted (1)**
9:6
**person (1)**
10:20
**persuade (1)**
12:17
**petition (2)**
3:14;4:12
**ph (2)**
8:13,14
**phone (1)**
7:3
**pick (1)**
6:18
**picking (1)**
9:6
**place (2)**
10:8;12:7
**PM (2)**
3:1;14:9
**point (6)**
5:19;6:5,9;7:13;
11:3;13:9
**pointed (1)**
7:24
**possession (1)**
4:14
**possible (3)**
3:24;12:17;13:22
**prejudice (2)**
13:4,14
**pretty (2)**
11:22;13:13
**prevent (1)**
10:14
**previous (1)**
4:10
**prior (3)**
7:22;12:15;13:11
**prison (3)**
4:9,17,22
**prisons (1)**
4:18

**probable (1)**
6:17
**probation (4)**
6:25;7:2;8:21;12:21
**problem (2)**
7:5;10:14
**process (1)**
6:5
**propose (1)**
9:3
**prosecute (1)**
5:9
**public (1)**
12:19
**put (2)**
12:9,16

**Q**

**quite (1)**
8:20

**R**

**raising (2)**
11:10,10
**real (1)**
10:15
**really (7)**
3:17;7:8;8:5;12:25;
13:10,10,25
**reason (1)**
9:6
**reasonably (1)**
13:3
**reasons (1)**
7:1
**recent (1)**
11:23
**recently (1)**
3:9
**recess (2)**
14:5,7
**recommending (1)**
6:25
**reconsideration (1)**
13:15
**record (2)**
11:23;13:11
**refer (1)**
8:3
**regularly (1)**
8:16
**rehabilitate (1)**
8:12
**related (2)**
3:14,14
**relating (1)**
4:13
**relationship (1)**
9:16
**release (14)**
3:15,18;4:10,19,19,

23;5:10,20;6:23;9:15;
10:3,4;11:19;13:12
**remind (1)**
5:1
**representation (1)**
12:15
**representing (3)**
3:5,7,10
**respect (3)**
4:5,23;5:9
**responsible (1)**
10:2
**returned (1)**
7:12
**right (13)**
5:2,3,13,15;6:5,22,
24;10:3,11;12:11,13;
13:16,16
**rights (1)**
5:2
**risk (2)**
11:18;12:6
**risky (1)**
13:10
**role (1)**
11:10

**S**

**safe (1)**
13:3
**salvage (2)**
13:23;14:2
**savings (1)**
8:17
**schedule (1)**
6:12
**scheduling-wise (1)**
6:10
**Scott (12)**
3:3,5,16;5:1;6:10;
8:2,10,25;9:4,12;
10:19;12:15
**Scott's (1)**
7:22
**seal (1)**
3:4
**sealed (2)**
7:10,11
**searched (1)**
8:25
**Section (1)**
4:7
**Sections (1)**
4:15
**securing (1)**
8:12
**seemed (1)**
9:15
**seems (1)**
13:21
**sees (1)**
8:16

**sent (1)**
13:1
**sentencing (1)**
3:21
**set (1)**
13:17
**sheds (1)**
11:1
**shoot (1)**
9:20
**short (1)**
12:16
**showing (1)**
8:20
**signed (1)**
4:12
**significant (2)**
7:7;11:23
**silent (1)**
5:3
**situation (6)**
5:10,21;7:4,6;13:23;
14:2
**somebody (1)**
12:2
**someone (2)**
10:24;11:12
**somewhat (2)**
3:14;10:17
**son (4)**
8:15,18;9:7,17
**soon (4)**
11:20;13:16,19,22
**sort (4)**
3:25;5:4;9:21;11:1
**special (1)**
4:11
**stake (1)**
10:4
**start (1)**
6:3
**started (1)**
6:2
**state (1)**
7:2
**stated (1)**
11:24
**statement (5)**
5:8,19,23;6:2,3
**statements (1)**
5:4
**States (3)**
4:7,15;14:6
**stealing (2)**
10:20,24
**still (3)**
6:4;7:4;11:3
**stop (1)**
6:5
**story (1)**
11:3
**stuff (3)**
9:20;10:13;13:13

**subject (1)**
4:21
**substance (1)**
7:25
**Substances (1)**
7:23
**sufficient (1)**
12:5
**suicide (1)**
9:22
**summons (1)**
4:13
**supervised (12)**
3:15,18;4:10,18,19,
23;5:9,20;9:15;10:3;
11:19;13:12
**supervision (1)**
4:13
**sure (4)**
5:12;9:10;11:14;
12:19
**surety (1)**
9:8
**surprised (1)**
12:20

**T**

**talk (2)**
9:12;10:21
**talking (1)**
10:18
**tentative (1)**
6:17
**term (1)**
4:17
**terms (3)**
9:12;10:8;11:9
**thanks (1)**
3:2,8;4:4;6:8;13:24
**thinking (1)**
5:19
**thirty-six (1)**
4:18
**though (1)**
11:11
**threatening (3)**
9:20,21;11:23
**threats (3)**
4:7;8:3,3
**three (1)**
4:10
**throw (1)**
10:9
**throwing (1)**
10:12
**times (1)**
5:23
**Title (1)**
4:15
**today (2)**
3:20;9:9
**together (2)**

United States of America v.
Daniel Scott

No. 3:14-CR-00136-JBA-1
March 4, 2020

12:9,16
**told (1)**
8:24
**travel (2)**
7:1;9:2
**tremendous (1)**
8:11
**tried (1)**
13:21
**troubled (1)**
11:9
**troubling (2)**
7:8;8:2
**Tuesday (1)**
13:18
**turn (1)**
3:12
**twenty-one (1)**
4:17
**two (4)**
3:17;4:21;7:21,22
**type (1)**
12:16

**U**

**under (4)**
3:4;4:13;7:22,23
**United (3)**
4:7,15;14:6
**unsealed (1)**
7:9
**up (7)**
4:9,9,10,21;6:4;9:7,
20
**upon (1)**
8:25
**upstairs (1)**
12:20
**use (1)**
7:3
**used (1)**
5:8

**V**

**victim (1)**
12:1
**violation (8)**
3:15,19,22;4:7,15,19,
23;5:21
**violence (1)**
8:3

**W**

**waiting (1)**
6:14
**wants (1)**
11:20
**warrant (4)**
3:14,15;4:13;7:12
**way (2)**

13:23;14:1
**weapons (1)**
9:1
**week (2)**
13:17,20
**what's (2)**
9:25;13:10
**Whereupon (1)**
14:8
**within (1)**
9:7
**without (3)**
7:2;13:3,14
**woman (1)**
8:1
**wonder (1)**
10:7
**work (3)**
3:2;8:12;9:6
**worked (1)**
10:5
**working (3)**
5:14;8:10,19
**worried (1)**
9:22
**worries (1)**
11:11

**Y**

**years (4)**
4:9,11,21;8:11
**York (6)**
7:6;9:19;10:1,14,20;
13:13

**1**

**100 (1)**
4:11
**10th (1)**
13:18
**18 (1)**
4:7
**18th (2)**
6:19,20

**2**

**2 (1)**
13:19
**2014 (2)**
3:7;4:16
**21 (1)**
4:15
**250,000 (1)**
4:10

**3**

**3:13 (1)**
3:1
**3:20-mj-00220-RAR (1)**

4:6
**3:28 (1)**
14:8
**3142f1 (1)**
7:23

**8**

**841a1 (1)**
4:15
**841b1C (1)**
4:16
**875c (1)**
4:7

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

(4) told - 875c

GA000060



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

DANIEL SCOTT

No. 3:20CR 44 (MPS)(WIG)

VIOLATIONS:

18 U.S.C. § 875(c) (Interstate Threats)

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Interstate Threats)

1.   On or about March 1, 2020, in the District of Connecticut, the defendant, DANIEL

SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State

of Connecticut to the City of New York, a communication, that is a series of text messages to

K.P., whose identity is known to the Grand Jury, and the communication contained a threat to

injure K.P. and others, specifically the texts stated:

> "I see [K] Monday guna b ya worst day of ya life…N if u not there I'll come back every
> day…Til u quit bitch…Ima embarrass tf outta u…An tell ya co workers don't try n b
> Superman…Cuz I'll shoot tha whole gym up an end all of us bitch…I'm Really boutta
> get on sum street shit bitch u got me hot….Oooohhhhg I can't wait…U 2 pretty to b a
> bird bitch smh…U disgust me fr…U disgust me fr…"

All in violation of Section 875(c) of Title 18 of the United States Code.

COUNT TWO
(Interstate Threats)

2.   On or about March 1, 2020, in the District of Connecticut, the defendant, DANIEL

GA000061

SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State of Connecticut to the City of New York, a communication, that is a series of text messages to K.P., whose identity is known to the Grand Jury, and the communication contained a threat to injure K.P., specifically the texts stated:

"Lol u got me fuck up…I was being nice to u cuz I really liked ya hoe ass lol..But now..Ima treat u like we in da street...Streetes…Dusty…Las nigga who took from me ain't even on this earth anymore"

All in violation of Section 875(c) of Title 18 of the United States Code.

<u>COUNT THREE</u>
(Interstate Threats)

3.   On or about March 1, 2020, in the District of Connecticut, the defendant, DANIEL SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State of Connecticut to the City of New York, a communication, that is a series of text messages to K.P., whose identity is known to the Grand Jury, and the communication contained a threat to injure K.P., specifically the texts stated:

"Bitch u can't escape me ima Make u hate me hop I got a thousand pones laying around my house u fake ass city girl (emojis) u better giv ya nigga up or I promis my sisters guna cut ya fuckin fact f u p bitch they no where u live I gave em ya address dumb bitch fake ass finessing hoe jus hadda whole talk wit ya fird ass bout giving u wateva an y hoe ass sat there like ok whole Time u already done used my car multiple times an u though I ain't kno wen I did u a wild bith an ima show wat happens to wild bitches wen they get caught I sugges u give ya nigga up or that nigga dick u sucking cuz bith u don't want my little sister on ya ass bro fr"

All in violation of Section 875(c) of Title 18 of the United States Code.

<u>COUNT FOUR</u>
(Interstate Threats)

4.   On or about March 1, 2020, in the District of Connecticut, the defendant, DANIEL

2

SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State of Connecticut to the City of New York, a communication, that is a text message to K.P., whose identity is known to the Grand Jury, and the communication contained a threat to injure K.P., specifically the texts stated:

> "I will kill every male in ya fuckin family…Bitch even y little fucking brother hoe…An b4 I kill him I'll tel him why he gotta go bitch"

All in violation of Section 875(c) of Title 18 of the United States Code.

## COUNT FIVE
(Interstate Threats)

5.   On or about March 1, 2020 in the District of Connecticut, the defendant, DANIEL SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State of Connecticut to the City of New York, a communication, that is a series of text messages to K.P., whose identity is known to the Grand Jury, and the communication contained a threat to injure K.P., specifically the texts stated:

> "Stu…Bitch all us do is lie and suck dick…U really guna show me ya nigga or ima have my sister slide on u…I already tol them u stole from me N I told them where u work n wat u look like…So Monday b prepared to give someone up…So wat u guna give ya man up ow u gunna get ya shit split instead…Cua my sister don't like Spanish girls…they gunna pounce on ya A ass"

All in violation of Section 875(c) of Title 18 of the United States Code.

## COUNT SIX
(Interstate Threats)

6.   On or about March 1, 2020 in the District of Connecticut, the defendant, DANIEL SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State of Connecticut to the City of New York, a communication, that is a series of text messages to K.P., whose identity is known to the Grand Jury, and the communication contained a threat to

3

injure K.P., specifically the texts stated:

> "Bitch u mus of lost ur mind…they gunna kill u bro N I'm on my way out there hoe…u better jus leave nyc forever bro cuz it's up…we guna go all tha way wit this shit".

All in violation of Section 875(c) of Title 18 of the United States Code.

<u>COUNT SEVEN</u>
(Interstate Threats)

7.   On or about March 1, 2020, in the District of Connecticut, the defendant, DANIEL SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State of Connecticut to the City of New York, a communication, that is a cellular telephone call and voicemail message to K.P., whose identity is known to the Grand Jury, and the communication contained a threat to injure K.P., specifically the voicemail stated in part:

> "Yo that's word to my little cousin's grave. On Monday I'm gonna hurt you bitch. I don't care about no cops. I don't give a fuck who in that gym. Bitch, when I see you on Monday, I'm gonna hurt your stupid ass big headed bitch".

All in violation of Section 875(c) of Title 18 of the United States Code.

<u>COUNT EIGHT</u>
(Interstate Threats)

8.   On or about March 1, 2020 in the District of Connecticut, the defendant, DANIEL SCOTT, knowingly and willfully did transmit in interstate and foreign commerce from the State of Connecticut to the City of New York, a communication, that is a cellular telephone call and voicemail message to K.P., whose identity is known to the Grand Jury, and the communication contained a threat to injure K.P., specifically the voicemail stated in part:

> "Yo, I'm telling you bro, I'm really just (unintelligible) because I'm mad and I want to know how serious I am, like, this ain't a game. I'm pulling up Monday and it's about to go down my nigga. You gonna show me, you gonna give me ya phone, you gonna open that shit and you gonna point that nigga out. I, I need to get violent with somebody. I mean, I sweat to God bitch, I'm about to ruin your life".

4

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

_____
JOHN H. DURHAM
UNITED STATES ATTORNEY

_____
DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY

5

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 15, 2022 a copy of the foregoing Government's Appendix was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
NATASHA FREISMUTH
ASSISTANT U.S. ATTORNEY